1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

PAMELA FIELDS and TYRONE FIELDS,

Plaintiffs,

CASE NO.  C10-5038FDB-JRC

ORDER

11
12

v.

13

STATE OF FLORIDA, *et al*.,

14

Defendants.

15

        This Civil Rights Action has been referred to United States Magistrate Judge J. Richard

16
17

Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's

18

Rule MJR3 and MJR4.  The Court, having reviewed plaintiff's application for IFP, complaint and

19

the balance of the record contained herein, does hereby find as follows:

20

        Review of plaintiffs' complaint shows that the claims being made call into question the

21

validity of a pending criminal matter.  Specifically, plaintiff raises claims regarding the validity

22
23

of a warrant issued by the State of Florida.  It also appears Plaintiff Pamela Fields is arguing this

24

matter on behalf of her husband, Tyrone Fields, who is in custody at the Kitsap County Jail.

25

Doc. 1.  Plaintiff seeks civil monetary damages in the amount of $2,500,000.00 from the State of

26

Florida for kidnapping and infliction of emotional distress.  *Id.*

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of Tyrone Fields' current confinement arrest and his possible extradition to the State of Florida, based on an outstanding arrest warrant. Plaintiff must first raise these claims in a state court action, or, possibly, in a petition for writ of habeas corpus -- not a § 1983 civil rights claim for money damages. Thus, this §1983 civil rights complaint for monetary damages appears to be premature.

Based on the foregoing findings, it is hereby ORDERED that **by no later than April 2, 2010**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 2nd day of March, 2010.


J. Richard Creatura
United States Magistrate Judge

ORDER - 2