UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMELA FIELDS and TYRONE FIELDS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF FLORIDA, *et al.*,<br><br>Defendants. | Case No.  C10-5038 FDB<br><br>REPORT AND RECOMMENDATION<br><br>NOTED April 23, 2010 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

This matter directly challenges the propriety of Tyrone Field's arrest, conviction, and current confinement in prison.  Plaintiffs seek money damages for the alleged unlawful conduct. After reviewing the matter, this court recommends dismissal without prejudice.

DISCUSSION

The court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d) when the complaint fails to state a claim or when the complaint, on its face,

REPORT AND RECOMMENDATION- 1

contains a complete defense to the action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

On March 2, 2010, the undersigned reviewed the submitted Complaint and directed plaintiffs either to show cause why the matter should not be summarily dismissed or to file an amended complaint curing certain deficiencies. The court specifically explained that the allegations in the Complaint challenged the propriety of plaintiff's criminal arrest, conviction and confinement in prison. *See* Doc. 5. The court explained that when a person challenges the fact or duration of his imprisonment, and the relief he seeks is his immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

REPORT AND RECOMMENDATION- 2

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, there are several problems or deficiencies in the Complaint.  The primary deficiency is the fact that many of the allegations challenge the validity of a warrant issued by the State of Florida.  It also appeared plaintiff Pamela Fields is arguing this matter on behalf of her husband, Tyrone Fields, who is in custody in the Florida state prison.

In response to the court's order, plaintiff Pamela Fields filed an Amended Complaint (Doc. 6). The Amended Complaint is equally flawed.  Plaintiff continues to allege facts that if proven, would undermine the lawfulness of Tyrone Fields' underlying criminal arrest and conviction and his current confinement, which appears to be in a Florida state prison.  For instance, plaintiffs allege that several different defendants made false claims to support the warrant, which resulted in Tyrone Fields' arrest and confinement in Florida State prison.  Plaintiffs claim Tyrone Fields was kidnapped and they are entitled to money damages.  The court also notes that in 2008 plaintiff Tyrone Fields filed a petition for a writ of habeas corpus with the Florida state court.  Plaintiffs do not provide any further information regarding how that matter was resolved or if it is still pending.

In sum, it is clear to this court that this matter includes allegations that cannot be considered because they challenge the fact or duration of Tyrone Fields' current confinement in Florida state prison.

REPORT AND RECOMMENDATION- 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CONCLUSION

The action should be DISMISSED WITHOUT PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 23, 2010, as noted in the caption.

Dated this 25th day of March, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4